**IN THE COURT OF APPEALS OF IOWA**

No. 15-1070
Filed September 23, 2015

**IN THE INTEREST OF D.L.-T.,**
**Minor Child,**

**T.T., Father,**
**Appellant.**
_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

The father appeals the juvenile court's termination of his parental rights to his child D.L.-T. **AFFIRMED.**

John Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, Patrick Jennings, County Attorney, and Dewey P. Sloan, Assistant County Attorney.

Joseph W. Kertels of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins, and Bower, JJ.

**DOYLE, Presiding Judge.**

The father appeals the juvenile court's termination of his parental rights to his child, D.L.-T. He asserts the State failed to prove by clear and convincing evidence his rights should be terminated pursuant to Iowa Code sections 232.116(1)(d) and (f) (2013).

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated here. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Since the father has challenged only the first step (grounds for termination) we will limit our review to an analysis of the first step.

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). To terminate the father's parental rights pursuant to section 232.116(1)(f), the State must prove: (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance (CINA); (3) the child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months; and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody the child's parents as provided in section 232.102. The first three elements are not in dispute. The father's claim on appeal implicates the fourth element.

D.L.-T. and his half-siblings were removed from parental custody in October 2013, due to physical abuse inflicted on D.L.-T. by his mother and stepfather. D.L.-T. was subsequently adjudicated a child in need of assistance (CINA). The facts leading up to the removal are set forth in our opinion, *In re N.L.-S.*, No. 14-2045, 2015 WL 576572, at *1-2 (Iowa Ct. App. Feb. 11, 2015), and need not be repeated here. The mother's parental rights to D.L.-T. were terminated in December 2014, and the termination of parental rights was affirmed by this court.[1] *Id.* at *6. At that time, the juvenile court concluded "that while [the father] may not be equipped to parent [D.L.-T.] independently, termination of his [parental rights] at this time would not be in [D.L.-T.'s] best interests." The court ordered the father be granted an additional six months to work toward reunification efforts pursuant to section 232.104.

A second hearing on the State's petition for termination of the father's parental rights was held in June 2015. The juvenile court issued a thorough and well-reasoned order terminating the father's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own. Although replicating the juvenile court's findings and conclusions here would serve no useful purpose, we observe the juvenile court specifically found in part:

> Since the initiation of this case, [the father] has received services through Siouxland Mental Health, attended parenting classes, and participated in a substance abuse evaluation due to the history of usage. [The father] continues to struggle with mental health. He has poor memory and does not have the skills necessary at this time to be a parent for [D.L.-T.]. He has never parented [D.L.-T.] in the six years of his [child's] life.
>     . . . .

---

[1] The mother's and the biological father's parental rights to D.L.-T's five half-siblings were also terminated.

> [A psychological] evaluation set forth that the primary issue for [the father] would be his ability to provide consistently for the needs of a young child, given [the father's] limitations and problems with emotional stability. That report indicated that significant outside resources for support would be necessary in order for the father to parent.
>
> . . . .
>
> [The father] has significant intellectual deficiencies and mental health issues which he is unable to manage on a consistent basis, despite the additional time afforded to the father. [The father] continued to use alcohol as recent[ly] as January 2015. [The father's] attendance and participation in services has been mostly inconsistent and appears to become consistent only right before court hearings. [D.L.-T.] also has significant behavioral and mental health issues. Given [the father's] deficiencies and [D.L.-T.'s] needs, the court does not believe any additional time would correct the current circumstances. Further, any additional time would be to the detriment of the child. [D.L.-T.] could not be safely returned to [the] father's care without suffering ongoing and harmful effects of being a child in need of assistance. [D.L.-T.] has expressed [a desire] to be adopted. It is reported that at the age of only six years old, [D.L.-T.] cries when discussing [D.L.-T.'s] future with the case manager. [D.L.-T.] is in need of immediate permanency.

The juvenile court concluded the State presented clear and convincing evidence to terminate the father's parental rights pursuant to section 232.116(1)(f). Upon our de novo review, we agree.

The juvenile court found, "The addition of six months has not resulted in [the father] being put in a position to be able to parent [the] child. [D.L.-T.] could not be in [the] father's custody now or at any time in the foreseeable future." The father has significant intellectual deficiencies and mental health issues that he is unable to manage on a consistent basis. This did not change during the additional six months the father was granted. He was not able to move past supervised visits with D.L.-T. Any additional time in limbo would not be in D.L.-T.'s interest.

As we have stated numerous times, children are not equipped with pause buttons. "The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). While the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Our supreme court has explained that "the legislature, in cases meeting the conditions of [the Iowa Code], has made a categorical determination that the needs of a child are promoted by termination of parental rights." *In re M.W.*, 458 N.W.2d 847, 850 (Iowa 1990) (discussing then Iowa Code section 232.116(1)(e)). Consequently, "[t]ime is a critical element," and parents simply "cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *C.B.*, 611 N.W.2d at 495. At some point, as is the case here, the rights and needs of the child must rise above the rights and needs of the parent. *See In re C.S.*, 776 N.W.2d 297, 299 (Iowa Ct. App. 2009). The public policy of the state having been legislatively set, we are obligated to heed the statutory time periods for reunification. We agree with the juvenile court that additional time would not correct the situation.

We affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**